# In the United States Court of Federal Claims

No. 09-258C

Filed: July 21, 2020

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| GLADYS S. VANDESANDE, | ) | |
| | ) | |
| Plaintiff, | ) | RCFC 56; Summary Judgment; |
| | ) | Attorney's Fees; Accountant's Fees; |
| v. | ) | Contract Interpretation. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

*Roderick V. Hannah*, Counsel of Record, Roderick V. Hannah, Esq. PA, Plantation, FL, for plaintiff.

*Douglas T. Hoffman*, Trial Attorney, *Allison Kidd-Miller*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER
ON AWARD OF ATTORNEY'S FEES AND ACCOUNTANT'S FEES**

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff, Gladys S. VanDesande, has moved to recover certain attorney's fees, accountant's fees and other costs, pursuant to a Stipulation Agreement Regarding Damages (the "Stipulation Agreement") that she entered into with the United States Postal Service ("USPS") to resolve certain employment discrimination and retaliation claims. *See generally* Pl. Mot. The government has also moved for summary judgment on the issues of whether plaintiff may recover the requested attorney's fees, accountant's fees and other costs, and the quantum of plaintiff's recoverable fees, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons discussed below, the Court: (1) **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiff's motion for attorney's and accountant's fees and (2) **GRANTS-IN-PART** and **DENIES-IN-PART** the government's

motion for summary judgment.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

This multi-year breach of contract litigation has involved three opinions from this Court and two appeals to the United States Court of Appeals for the Federal Circuit. The Court now addresses the award of attorney's fees, accountant's fees and other costs to plaintiff, pursuant to the terms of the Stipulation Agreement that she entered into with the USPS.

As background, plaintiff commenced this action on April 24, 2009. *See generally* Compl. In the complaint, plaintiff alleged that the USPS materially breached her Stipulation Agreement with the USPS in four ways, namely: (1) by failing to pay all required interest on all back pay and lump sum payments made to plaintiff, pursuant to paragraph 8 of the Stipulation Agreement; (2) by failing to pay plaintiff certain tax consequences due to her receipt of lump sum payments and back pay (the "Tax Consequences Payment"), pursuant to paragraph 14 of the Stipulation Agreement; (3) by refusing to allow plaintiff to return to work and resume her duties, pursuant to paragraphs 1, 2 and 21 of the Stipulation Agreement; and (4) by failing to pay all interest due for the USPS's failure to make full and complete payments under the Stipulation Agreement, pursuant to paragraph 28 of the Stipulation Agreement. *Id.* at ¶¶ 10-14.

On August 18, 2010, the Court issued a Memorandum Opinion and Order dismissing the case upon jurisdictional grounds. *See generally VanDesande v. United States*, 94 Fed. Cl. 624 (2010). Plaintiff appealed the dismissal to the United States Court of Appeals for the Federal Circuit, and the Federal Circuit issued a decision reversing this Court's dismissal decision and remanding the case on March 23, 2012. *VanDesande v. United States*, 673 F.3d 1342 (Fed. Cir. 2012).

The parties' subsequent attempts to settle the case were not successful.

---

[1] The facts in this Memorandum Opinion and Order are taken from the complaint ("Compl."); plaintiff's motion for attorney's and accountant's fees and memorandum in support thereof ("Pl. Mot.") and ("Pl. Mem."); and the exhibits attached thereto ("Pl. Ex."); the government's response and opposition to plaintiff's motion for attorney's and accountant's fees and motion for summary judgment ("Def. Mot."); and the appendix attached thereto ("Def. App'x"). Unless otherwise noted, the facts recited herein are undisputed.

In 2016, the parties filed cross-motions for summary judgement on the issue of whether the USPS breached the Stipulation Agreement. *See generally* ECF Nos. 106, 107, 115. Plaintiff argued in her motion that the USPS breached the Stipulation Agreement by: (1) failing to reinstate her with pay and later terminating her employment, in violation of paragraphs 1, 2, 12 and 21 of the Stipulation Agreement; (2) failing to make the Tax Consequences Payment, pursuant to paragraph 14 of the Stipulation Agreement; and (3) failing to calculate and pay the correct amount of interest due to plaintiff, pursuant to paragraph 8 of the Stipulation Agreement. ECF No. 107 at 19-35. On February 24, 2017, the Court issued a Memorandum Opinion and Order denying plaintiff's motion for summary judgment and granting-in-part and denying-in-part the government's cross-motion for summary judgment. *See generally VanDesande v. United States*, No. 09-258C, 2017 WL 745734 (Fed. Cl. Feb. 24, 2017).

In 2017, the parties filed renewed cross-motions for summary judgement on the issues of whether the USPS breached paragraphs 14 and 21 of the Stipulation Agreement. *See generally* ECF Nos. 127, 131. In her renewed motion for summary judgment, plaintiff argued that the government breached paragraph 14 of the Stipulation Agreement, following the receipt of her accountant-calculated tax consequences, along with one other legal issue. ECF No. 127 at 18-33. On December 21, 2017, the Court issued a Memorandum Opinion and Order denying plaintiff's renewed motion for summary judgment and granting-in-part and denying-in-part the government's renewed cross-motion for summary judgment. *See generally VanDesande v. United States*, No. 09-258C, 2017 WL 6521686 (Fed. Cl. Dec. 21, 2017).

After plaintiff appealed the Court's February 24, 2017, and December 21, 2017, decisions, the Federal Circuit affirmed the Court's grant of summary judgment to the government on all issues, with the exception of the Court's grant of summary judgment in favor of the government with regards to plaintiff's claim that the USPS breached paragraph 14 of the Stipulation Agreement by not making the Tax Consequences Payment. *See generally VanDesande v. United States*, 771 Fed. App'x 471 (Fed. Cir. 2017). With regards to that issue, the Federal Circuit held that the government was liable to plaintiff in the amount of $33,691.00, plus interest thereon from May 15, 2006, until payment, for the unpaid 2003 Tax Consequences Payment required by paragraph 14 of the Stipulation Agreement, plus reasonable attorney's fees, accountant's fees, and costs, pursuant to paragraph 14 of the Stipulation Agreement. *Id.* at 476. And so, the Federal Circuit remanded the case to this Court: "(1) for entry of judgment for

[plaintiff] in the amount of $33,691; (2) for determination of the amount of interest to which [plaintiff] is entitled on that amount; and (3) for determination of the amount of reasonable costs, reasonable legal fees, and reasonable accountant fees to which [plaintiff] is entitled."[2]  *Id.*

Following the remand of the case, the Court established a schedule for the parties to brief any unresolved issues related to the Federal Circuit's mandate.  *See* Scheduling Order, dated July 8, 2019.  Because the parties have not reached an agreement on the amount of plaintiff's requested attorney's fees and accountant's fees, the Court resolves these remaining issues.

### B.       Procedural History

On December 16, 2019, plaintiff filed a motion for attorney's and accountant's fees and a memorandum in support thereof.  *See generally* Pl. Mot.; Pl. Mem.  On January 21, 2020, the government filed a response and opposition to plaintiff's motion for attorney's and accountant's fees and a motion for summary judgment.  *See generally* Def. Mot.

On February 13, 2020, plaintiff filed a reply in support of her motion and a response and opposition to the government's motion for summary judgment.  *See generally* Pl. Resp.  On April 7, 2020, the government filed a reply in support of its motion for summary judgment.  *See generally* Def. Reply.

On May 19, 2020, plaintiff filed a notice of total attorney's hours and claimed recoverable attorney hours, pursuant to the Court's May 4, 2020, Order.  *See generally* Pl. Notice.

These matters having been fully briefed, the Court addresses the pending motions.

## III.    LEGAL STANDARDS

### A.       The Stipulation Agreement

Paragraph 14 of the Stipulation Agreement provides, in relevant part, that:

The Agency shall pay the amount of tax consequences calculated by the Complainant's accountant, within one hundred and eighty (180) calendar days of service by the Complainant on the Agency's assigned representative (the designated representative as filed with the EEOC on the date of this

---

[2] Following remand, the government paid the 2003 Tax Consequences Payment in the amount of $33,691.00, plus interest.  Pl. Mem. at 10; Def. Mot. at 3 n.2.

> Stipulation Agreement). *If the Agency fails to pay the amount calculated by the Complainant's accountant within the required 180 calendar day time period, then the Agency shall be in breach of this Stipulation Agreement, and shall be responsible for all costs, legal fees and accountant fees incurred by the Complainant to enforce this provision of the Stipulation Agreement.*

Def. App'x at A66 (emphasis supplied).

> Paragraph 14 of the Stipulation Agreement further provides that:

> The agency further agrees to pay the complainant all reasonable expenses incurred in hiring a Certified Public Accountant to calculate the tax consequences provided for in this Stipulation Agreement. Such payment for the Complainant's CPA expenses shall be payable in conjunction with the payment for tax consequences.

*Id.* at A67.

> Lastly, paragraph 28 of the Stipulation Agreement provides that:

> Failure of the Agency to fully and completely comply with the payment requirements of paragraphs 14, 15, and 21 of this Stipulation Agreement, including not making payments within the required time limits, will result in the Agency paying interest from the date of noncompliance to the date of the required payment is made, at the federal judgment rate. Additionally, the Agency will pay for all expenses, including attorney's fees, for any action taken to enforce the failure to make full, complete and timely payments as required in paragraphs 14, 15 and 21, if complainant prevails.

*Id.* at A70.

### B. Contract Interpretation

The United States Court of Appeals for the Federal Circuit has held that "contract interpretation is a question of law." *BASR P'ship v. United States*, 915 F.3d 771, 780 (Fed. Cir. 2019) (citing *Barron Bancshares, Inc., v. United States*, 366 F.3d 1360, 1368 (Fed. Cir. 2004)); *see also Greenhill v. United States*, 92 Fed. Cl. 385, 393 (2010) ("The interpretation of a settlement agreement is a question of law."); *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998) ("A settlement agreement is a contract, and we apply basic contract principles unless precluded by law."). It is also well-established that the Court's interpretation of a contract begins with its "plain language." *McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1435 (Fed. Cir. 1996) (citations omitted); *see also Bell/Heery v. United States*, 739 F.3d 1324,

1331 (Fed. Cir. 2014) (citing *Coast Fed. Bank, FSB v. United States*, 323 F.3d 1035, 1038 (Fed. Cir. 2003) ("Contract interpretation begins with the language of the written agreement.")). And so, the plain and unambiguous provisions of a contract "must be given their plain and ordinary meaning . . . and the court may not resort to extrinsic evidence to interpret them." *McAbee Constr., Inc.*, 97 F.3d at 1435 (internal citations omitted); *see also Jowett, Inc. v. United States*, 234 F.3d 1365, 1368 (Fed. Cir. 2000) (quoting *Harris*, 142 F.3d at 1467) (The Court gives "the words of the agreement their ordinary meaning unless the parties mutually intended and agreed to an alternative meaning.").

    C.    **RCFC 56**

Lastly, pursuant to RCFC 56, a party is entitled to summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *8x8, Inc. v. United States*, 854 F.3d 1376, 1380 (Fed. Cir. 2017). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is "material" if it could "affect the outcome of the suit under the governing law." *Id*. The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). And so, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In making a summary judgment determination, the Court does not weigh the evidence presented, but instead must "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Agosto v. INS*, 436 U.S. 748, 756 (1978) (internal citations omitted) ("[A trial] court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented . . . ."); *Am. Ins. Co. v. United States*, 62 Fed. Cl. 151, 154 (2004). And so, the Court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citations omitted).

**IV.**    **LEGAL ANALYSIS**

In her motion for attorney's and accountant's fees, plaintiff seeks to recover: (1)

6

$265,025.80 in attorney's fees; (2) $2,500.00 in accountant's fees; (3) $12,702.86 for litigation costs and expenses; (4) $3,000.00 for the attorney's fees of William Berger, Esq.; and (5) $9,907.00 for the tax on her Tax Consequences Payment from the USPS. Pl. Mem. at 27; *see also* Pl. Notice, dated March 12, 2020. Plaintiff maintains that all of these requested costs, fees and payments are reasonable and recoverable under paragraphs 14 and 28 of the Stipulation Agreement. Pl. Mem. at 11-26.

In its response and opposition to plaintiff's motion and motion for summary judgment, the government counters that plaintiff may not recover all of the attorney's fees that she seeks, because plaintiff's recovery is limited to the attorney's fees that she incurred to enforce the USPS's obligation to make the Tax Consequences Payment required under paragraph 14 of the Stipulation Agreement. Def. Mot. at 4-21. The government also argues that plaintiff has not properly calculated her recoverable attorney's fees, because the hourly rates for plaintiff's attorney's fees should be the applicable retainer-fee rates under plaintiff's retainer agreements with her counsel. *Id.* at 21-27.

The government also argues that plaintiff has not provided support for the requested amount of her accountant's fees. *Id.* at 27-29. Lastly, the government does not contest plaintiff's request to recover her litigation costs and expenses; the attorney's fees of William Berger, Esq.; and the tax on her Tax Consequences Payment. *Id.* at 29-30. And so, the government requests that the Court: (1) deny plaintiff's motion in part; (2) reduce the amount of plaintiff's recoverable attorney's fees to $23,985.00; and (3) deny plaintiff's request to recover accountant's fees. *Id.* at 30.

For the reasons that follow, plaintiff may recover: (1) $12,702.86 for litigation costs and expenses; (2) $3,000.00 for the attorney's fees of William Berger, Esq.; and (3) $9,907.00 for the tax on her Tax Consequences Payment, pursuant to the terms of the Stipulation Agreement. Plaintiff has not shown, however, that she is entitled to recover the entirety of the $265,025.80 in attorney's fees that she requests, because her ability to recover such fees is limited by the terms of the Stipulation Agreement.

In addition, a review of the Stipulation Agreement shows that the rate of pay for plaintiff's recoverable attorney's fees must be the amount that plaintiff agreed to pay for these services under the terms of her retainer agreements with counsel. Plaintiff also has not met her

7

burden to show that she is entitled to the amount of accountant's fees that she seeks to recover from the government. Given this, the Court reduces the amount of plaintiff's recoverable attorney's fees in this case to $101,687.50, and the amount of plaintiff's recoverable accountant's fees to $1,067.76. And so, the Court: (1) **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiff's motion for attorney's and accountant's fees and (2) **GRANTS-IN-PART** and **DENIES-IN-PART** the government's motion for summary judgment.

### A. Plaintiff May Recover Her Litigation Costs And Expenses

As an initial matter, the Court agrees with the parties that plaintiff may recover $25,609.86 for certain litigation costs and expenses, attorney's fees and the payment for the tax consequences of her Tax Consequences Payment, pursuant to the terms of the Stipulation Agreement. Pl. Mem. at 26; Def. Mot. at 29-30. In her motion for attorney's and accountant's fees, plaintiff seeks to recover: (1) $12,702.86 in litigation expenses and costs associated with this litigation; (2) $3,000.00 for attorney's fees related to the enforcement of paragraph 14 of the Stipulation Agreement incurred by her previous counsel, William Berger, during proceedings before the Equal Employment Opportunity Commission; and (3) $9,907.00 for the tax consequences of her Tax Consequences Payment. Pl. Mem. at 26. Paragraph 14 of the Stipulation Agreement provides that:

> The Agency shall pay the Complainant a lump sum payment for all tax consequences created by all back pay and lump sum payments required in this Stipulation Agreement; including a lump sum payment to the Complainant to pay for the additional tax consequences created by the lump sum tax consequences payment required by this paragraph. . . . If the Agency fails to pay the amount calculated by the Complainant's accountant within the required 180 calendar day time period, then the Agency shall be in breach of this Stipulation Agreement, and shall be responsible for all costs, legal fees and accountant fees incurred by the Complainant to enforce this provision of the Stipulation Agreement.

Def. App'x at A66. And so, as the government acknowledges, the Stipulation Agreement allows for plaintiff to recover the requested payments, costs, and expenses from the government. Def. Mot. at 29-30.

Given this, the Court GRANTS plaintiff's motion for attorney's and accountant's fees with regards to these costs, expenses and payments, and awards plaintiff $12,702.86 in litigation

8

expenses and costs; $3,000.00 for attorney's fees incurred by William Berger; and $9,907.00 for the payment of the tax consequences of her Tax Consequences Payment.

### B. Plaintiffs Requested Attorney's Fees Must Be Reduced

The parties disagree about the amount of attorney's fees that plaintiff may recover in this matter. Plaintiff seeks to recover $265,025,80 in attorney's fees for legal services provided since the inception of this multi-year litigation. Pl. Notice, dated March 12, 2020. Specifically, plaintiff seeks to recover attorney's fees based upon 466.8 attorney hours, which reflects a 30% overall reduction of the 667.1 total number of attorney hours expended by her counsel in this case. Pl. Notice.[3]

The government counters that plaintiff may not recover all of the requested attorney's fees, because her recovery is limited to the attorney hours spent to enforce the government's obligation to make the Tax Consequences Payment, based upon plaintiff's CPA-calculated tax consequences. And so, the government maintains that plaintiff is entitled to recover no more than $23,985.00 in attorney's fees under the terms of the Stipulation Agreement. Def. Mot. at 21-27.

Because plaintiff's ability to recover attorney's fees is governed by the terms of the Stipulation Agreement, the Court must resolve three issues to determine the appropriate amount of attorney's fees that plaintiff may recover in this case. First, the Court must determine whether the Stipulation Agreement limits the amount of plaintiff's recoverable attorney's fees. Second, if so, the Court must reasonably allocate plaintiff's recoverable and non-recoverable attorney's fees, consistent with the terms of the Stipulation Agreement. Lastly, the Court must determine the hourly rate that applies to plaintiff's recoverable attorney's fees.

---

[3] To determine the amount of recoverable attorney hours and the applicable fee rate in this case, the Court relies upon the total number of attorney hours identified in plaintiff's notice filed with the Court on May 19, 2020. *See generally* Pl. Notice.

9

### 1. Plaintiff's Recovery Is Limited By The Terms of the Stipulation Agreement

As a preliminary matter, a plain reading of the Stipulation Agreement makes clear that the amount of attorney's fees that plaintiff may recover in this case is limited by that agreement. As discussed above, paragraph 14 of the Stipulation Agreement provides, in relevant part, that:

> If the Agency fails to pay the amount calculated by the Complainant's accountant within the required 180 calendar day time period, then the Agency shall be in breach of this Stipulation Agreement, and shall be responsible for all costs, legal fees and accountant fees incurred by the Complainant *to enforce this provision of the Stipulation Agreement*.

Def. App'x at A66 (emphasis supplied). Paragraph 28 of the Stipulation Agreement also provides that "the Agency will pay for all expenses, including attorney's fees, for any action taken *to enforce the failure to make full, complete and timely payments as required in paragraphs 14, 15 and 21, if complainant prevails*." *Id.* at A70 (emphasis supplied). And so, the Court reads these provisions of the Stipulation Agreement to limit plaintiff's ability to recover attorney's fees in this case to those fees that have been incurred by plaintiff to enforce the USPS's obligation to make the Tax Consequences Payment required under paragraph 14 of the Stipulation Agreement. *See VanDesande v. United States*, No. 09-258C, 2017 WL 745734, at *18-*19 (Fed. Cl. Feb. 24, 2017).

A review of the litigation history for this case reveals that plaintiff pursued multiple legal claims in this case and that her efforts to enforce paragraph 14 of the Stipulation Agreement were modest during the early stages of this case. The litigation history also reveals that plaintiff's efforts to enforce paragraph 14 of the Stipulation Agreement increased as the litigation progressed.

Plaintiff commenced this action more than a decade ago—on April 24, 2009. *See generally* Compl. Since that time, the parties have briefed the government's unsuccessful motion to dismiss, two rounds of summary judgment motions on various liability issues and fully litigated two appeals before the Federal Circuit. *See generally* ECF Nos. 11, 15, 24, 106, 107, 115, 127, 131, 138. The complaint in this matter alleges that the government breached paragraph 14 of the Stipulation Agreement by failing to pay plaintiff's tax consequences *See generally* Compl. But, this claim is just one of four breach of contract claims asserted in the complaint.

*Id.* The government's breach of paragraph 14 is also the subject of plaintiff's initial motion for summary judgment filed on August 29, 2016. ECF No. 107 at 19-35; *see also* ECF No. 106.

As plaintiff correctly observes, the prominence of her breach of contract claim based upon paragraph 14 increased as this litigation progressed. Notably, plaintiff raised the issue of the government's breach of paragraph 14, along with one other legal issue, in her renewed motion for summary judgement dated July 31, 2017. ECF No. 127 at 18-33. During her 2018 appeal, plaintiff also raised four issues related to her claim that the government breached paragraph 14 of the Stipulation Agreement. *See generally VanDesande v. United States*, 771 Fed. App'x 471 (Fed. Cir. 2017). And so, the Court agrees with the government that plaintiff's recoverable attorney's fees should be allocated to reflect the fact that her successful effort to enforce paragraph 14 of the Stipulation Agreement involved one of several legal issues that the parties litigated in this case.

### 2. The Court Reduces Plaintiff's Recoverable Attorney's Fees For Services Provided Prior To April 4, 2017

In light of the foregoing concerns, the Court must reduce the amount of plaintiff's recoverable attorney's fees for work performed during the early stages of this litigation. Plaintiff seeks to recover attorney's fees for 294 of 420.1 attorney hours incurred from the inception of this case to April 3, 2017. Pl. Notice. But, as discussed above, plaintiff's breach of contract claim based upon paragraph 14 of the Stipulation Agreement was not a significant focus of this case during the early stages of this litigation.

The Court is not, however, persuaded by the government's argument that plaintiff should not recover *any* attorney's fees for attorney hours incurred before April 4, 2017. Def. Mot. at 8-14. The government correctly observes that plaintiff first argued that the USPS breached paragraph 14 of the Stipulation Agreement, based upon her accountant-prepared tax consequences payment, in April 2017. *Id.* at 12-14. But, as discussed above, the litigation history of this case makes clear that plaintiff asserted a breach of contract claim based upon paragraph 14 at the inception of this litigation. And so, plaintiff may recover a reasonable portion of the attorney's fees that she incurred during the early stage of this case.

Plaintiff's proposed 30% reduction of the attorney's fees incurred before April 4, 2017, does not reflect a reasonable allocation of the attorney hours actually spent on her

breach of contract claim based upon paragraph 14. The Court observes that plaintiff's claim related to the breach of paragraph 14 of the Stipulation Agreement is one of four allegations raised in the complaint. *See generally* Compl. Given this, the Court concludes that a reasonable allocation of plaintiff's recoverable attorney's fees under paragraph 14 should be 25% of the total attorney hours incurred by her counsel prior to April 4, 2017. And so, the Court reduces the number of attorney hours for which plaintiff may recover attorney's fees for the period prior to April 4, 2017, by 75% to **105** attorney hours.

### 3. The Court Must Reduce Plaintiff's Recoverable Attorney's Fees For Services Provided Between April 4, 2017, And May 11, 2019

An additional reduction of plaintiff's recoverable attorney's fees for legal services provided during the period April 4, 2017, to May 11, 2019, is also warranted in this case. Plaintiff seeks to recover attorney's fees for 102.3 of 146.2 total attorney hours incurred during this period, constituting a 30% overall reduction of her attorney's fees. Pl. Notice. But, as the government persuasively argues, plaintiff may not recover all of these requested attorney's fees, because the litigation history in this case shows that at least half of the work performed by her counsel during this period of time did not involve the enforcement of paragraph 14 of the Stipulation Agreement.[4] Def. Mot. at 15-21.

As discussed above, the Stipulation Agreement requires that the amount of plaintiff's recoverable attorney's fees be reasonably allocated to reflect the attorney hours spent enforcing paragraph 14 of that agreement. During this phase of the case, the parties engaged in the briefing of two rounds of cross-motions for summary judgment on several issues—including whether the USPS breached paragraph 14 by failing to pay plaintiff's tax consequences. As discussed above, a review of plaintiff's initial motion for summary judgment dated August 29, 2016, shows that the government's breach of paragraph 14 was one of three legal issues raised in that motion. ECF No. 106 at 13; *see also* ECF No. 107 at 19-35. This issue is also one of two issues raised by

---

[4] The government requests that the Court reduce the number of plaintiff's recoverable attorney hours to approximately 35% of plaintiff's total attorney hours. Def. Mot. at 15-21 (arguing that plaintiff should recover 30.9 hours for the period April 4, 2017-December 21, 2017, and 17.4 hours for the period December 22, 2017, to May 11, 2019).

plaintiff in her renewed motion for summary judgment.[5] ECF No. 127 at 18-33. Given this, the Court concludes that 50% of the total attorney hours incurred during the period April 4, 2017, to May 11, 2019, constitutes a reasonable allocation of the attorney hours incurred by plaintiff's counsel to enforce paragraph 14 of the Stipulation Agreement. And so, plaintiff may recover attorney's fees for **73.1** hours expended during the period April 4, 2017, to May 11, 2019.

### 4. Plaintiff May Recover Reasonable Attorney's Fees Incurred After May 11, 2019

Lastly, the Court is not persuaded by the government's argument that plaintiff may not recover any attorney's fees incurred after May 11, 2019. Def. Mot. at 14-15. Plaintiff seeks to recover attorney's fees for 70.5 of 100.8 attorney's hours incurred since May 11, 2019. Pl. Notice. Plaintiff represents that this time includes hours spent preparing a reply brief in support of her motion for attorney's and accountant's fees. Pl. Resp. at 22; *see also* Pl. Resp. at Ex. A (Mr. Hannah's Supplemental Affidavit).

The government argues that most of these attorney's fees are not recoverable, because the government delivered the 2003 Tax Consequences Payment and interest due to plaintiff on May 11, 2019, thereby ending her efforts to enforce paragraph 14. Def. Mot. at 14-15. But, the Court reads the Stipulation Agreement to allow plaintiff to recover attorney's fees for legal services provided to resolve her request for attorney's fees pursuant to paragraph 14 of the Stipulation Agreement.

Paragraph 28 of the Stipulation Agreement provides that the government "will pay for all expenses, including attorney's fees, for *any action* taken to enforce the failure to make full, complete and timely payments as required in [paragraph 14], if complainant prevails." Def. App'x at A70 (emphasis supplied). Paragraph 14 of the Stipulation Agreement also makes clear that the government is responsible for "all costs, legal fees and accountant fees" incurred by plaintiff to enforce that provision. *Id.* at A66. The Court interprets these contractual provisions to permit plaintiff to recover attorney's fees incurred to enforce the government's obligation to pay her attorney's fees and costs under paragraph 14. *See id.*

---

[5] Plaintiff also filed her 2018 appeal during this time period, which raised four issues related to her claim that the government breached paragraph 14 of the Stipulation Agreement. *See* Notice of Appeal, dated Feb. 20, 2018.

13

While it is undisputed that plaintiff received her Tax Consequences Payment on May 11, 2019, the invoice of professional services provided to the Court by her counsel makes clear that plaintiff's effort to enforce the government's obligation to pay the attorney's fees that she incurred to enforce paragraph 14 continued after plaintiff received this payment.[6] *See* Pl. Ex. 4 at 26-30. Mr. Hannah's Supplemental Affidavit, dated February 13, 2020, also states that he expended additional attorney hours preparing plaintiff's reply brief in support of her motion for attorney's fees and accountant's fees. *See generally* Pl. Resp. at Ex. A.

Given this, the Court concludes that 50% of the total attorney hours incurred since May 11, 2019, constitutes a reasonable allocation of the attorney hours incurred to enforce paragraph 14 of the Stipulation Agreement since May 11, 2019. And so, plaintiff may recover attorney's fees for **50.3** attorney hours incurred during this period.

### 5.  Fee Rate

Having determined the appropriate allocation of plaintiff's attorney's hours, the Court next addresses the proper fee rate to be applied in this case. Again, paragraph 14 of the Stipulation Agreement is dispositive of this question and provides, in relevant part, that:

> [T]he Agency . . . shall be responsible for all costs, legal fees and accountant fees *incurred* by the Complainant to enforce this provision of the Stipulation Agreement.

Def. App'x at A66 (emphasis supplied). And so, the Court reads paragraph 14 to allow plaintiff to recover attorney's fees based upon the amount of attorney's fees that she actually incurred to litigate this case.

It is without dispute that plaintiff entered into three retainer agreements with her counsel to determine the hourly rate that she would pay for legal services provided in connection with this case. Pl. Mem. at 21; Pl. Exs. 1-3; Def. Mot. at 23. Specifically, on August 14, 2006, plaintiff entered into a retainer agreement with her counsel in which she agreed to compensate

---

[6] Notably, these invoices reveal that the parties continued to negotiate the amount of plaintiff's recoverable attorney's fees and accountant's fees well after May 11, 2019. For example, a log entry dated June 5, 2019, identifies work involving research on attorney's fees rates in this Court and the Federal Circuit. Pl. Ex. 4 at 26. Another log entry dated August 5, 2019, involves the "[r]eview [of] client declarations and attorney's fee detail regarding fees and costs." *Id.* at 27.

her counsel at a rate of $325.00 per hour for legal services. Pl. Ex. 1. On November 5, 2011, plaintiff entered into a second retainer agreement, in which she agreed to compensate her counsel at an hourly rate of $450.00 per hour. Pl. Ex. 2. Thereafter, the parties agreed to modify this retainer agreement on July 16, 2019, and plaintiff agreed to compensate her counsel at a rate of $500.00 per hour. Pl. Ex. 3. Given this, the applicable fee rates in this case are $325.00 per hour for attorney's fees incurred from the inception of this litigation to November 4, 2011; $450.00 per hour for such fees incurred between November 5, 2011 and July 15, 2019; and $500.00 per hour for attorney's fees incurred thereafter.[7] And so, the Court awards plaintiff the attorney's fees shown in the chart below:

| TIME PERIOD | TOTAL ATTORNEY HOURS | RECOVERABLE ATTORNEY HOURS[8] | RATE | TOTAL |
|---|---|---|---|---|
| April 24, 2009 – November 4, 2011 | 106.9 | (25%) 26.7 | $325 | $8,677.50 |
| November 5, 2011 – April 3, 2017 | 313.2 | (25%) 78.3 | $450 | $35,235.00 |
| April 4, 2017 - May 11, 2019 | 146.2 | (50%) 73.1 | $450 | $32,895.00 |
| May 12, 2019 – July 15, 2019 | 10.9 | (50%) 5.4 | $450 | $2,430.00 |
| July 16, 2019 - Present | 89.9 | (50%) 44.9 | $500 | $22,450.00 |
| **TOTAL** | | | | **$101,687.50** |

---

[7] The Court is not persuaded by plaintiff's argument that the Lodestar method and forum rule should be employed to calculate her recoverable attorney's fees in this case. Pl. Mem. at 13-17. The Federal Circuit has endorsed the lodestar method to calculate a prevailing parties' recoverable attorney's fees in cases involving the award of attorney's fees based upon a fee shifting statute. *See e.g., Bywaters v. United States*, 670 F.3d 1221, 1228-29 (Fed. Cir. 2012); *Avera v. Sec'y of Dept. of Health and Human Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). But, in this case, plaintiff's recovery of attorney's fees is governed by the terms of her Stipulation Agreement with the USPS.

[8] To facilitate the calculation of plaintiff's recoverable attorney's fees, plaintiff's recoverable attorney hours for the period before April 4, 2017, are divided to reflect those hours incurred before and after the date of her second retainer agreement. *See* Pl. Notice; *see also* Pl. Ex. 2. Plaintiff's recoverable attorney's fees for the period after May 11, 2019, are also divided between the hours incurred before and after the date of plaintiff's July 16, 2019, retainer agreement with her counsel. *See* Pl. Notice; *see also* Pl. Ex. 3.

### C.     Plaintiff Has Not Established Her Incurred Accountant's Fees

As a final matter, the Court agrees with the government that plaintiff has not provided sufficient proof to show that she is entitled to all of the accountant's fees that she seeks in this case. Plaintiff seeks to recover $2,500.00 in accountant's fees for the preparation of the accountant-prepared adverse tax consequences calculation that she submitted to the USPS in May 2006. Pl. Mem. at 26. Again, the Court looks to the plain text of the Stipulation Agreement to determine the amount of accountant's fees that plaintiff may recover in this case.

In this regard, paragraph 14 of the Stipulation Agreement provides that the government will pay plaintiff "all reasonable expenses incurred in hiring a Certified Public Accountant to calculate the tax consequences provided for in this Stipulation Agreement." Def. App'x at A67. And so, the Court reads paragraph 14 to allow plaintiff to recover the amount of expenses that she actually incurred to obtain a certified public accountant-prepared tax consequences calculation, provided that amount is reasonable.

Plaintiff represents to the Court in a sworn affidavit that she paid her certified public accountant "$2500.00 to analyze and prepare the tax calculations used in my claims against the U.S. Postal Service." Pl. Ex. B at 1. But, plaintiff acknowledges that she has been unable to locate the original bill for these services and she provides no other documentation to support her request for accountant's fees. Pl. Mem. at 26. And so, plaintiff simply has not sufficiently demonstrated that she incurred—and is entitled to recover—all of the accountant's fees that she seeks in this case.

The government has proposed a reasonable alternative—to calculate plaintiff's reasonable accountant's fees based upon the United States Bureau of Labor Statistics ("BLS") May 2006 published hourly rate for accountants ($44.49 per hour).[9] Def. Mot. at 28-29. Based upon an estimated 24 hours of accountant work, plaintiff would have incurred accountant's fees in the amount of $1,067.76, under the BLS rate. And so, the Court awards plaintiff reasonable

---

[9] The government states that this rate is based upon the BLS's May 2006 statistics, which show a median hourly wage of $27.38 for accountants and auditors. Def. Mot. at 29; www.bls.gov/oes/tables.htm. When adjusted for overhead and profit, the government represents that the median hourly rate for such services becomes $44.49. Def. Mot. at 29. Plaintiff argues that the BLS rate is unrealistic. Pl. Resp. at 27-28. But, she does not put forward an alternative basis for calculating her accountant's fees based upon verifiable fee data. *Id.*

accountant's fees in the amount of $1,067.76, pursuant to the terms of the Stipulation Agreement.

## V.   CONCLUSION

In sum, plaintiff has shown that she is entitled to recover certain litigation expenses, costs and payments; attorney's fees for William Berger, Esq.; and the payment for the tax consequences of her Tax Consequences Payment. Plaintiff has not shown, however, that she is entitled to the amount of attorney's fees and accountant's fees that she requests in this case.

And so, for the foregoing reasons, the Court:

1. **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiff's motion for attorney's and accountant's fees;

2. **GRANTS-IN-PART** and **DENIES-IN-PART** the government's motion for summary judgment;

3. **AWARDS** plaintiff a total recovery in the amount of $128,365.12, to consist of the following:

    a. $12,702.86 for litigation costs and expenses;
    b. $3,000.00 for the attorney's fees of William Berger, Esq.;
    c. $9,907.00 for the tax on plaintiff's Tax Consequences Payment;
    d. $101,687.50 for the attorney's fees of Roderick V. Hannah, Esq.; and
    e. $1,067.76 for plaintiff's reasonable accountant's fees.

4. **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** in the total amount of $128,365.12 to consist of the following:

    a. $12,702.86 for litigation costs and expenses;
    b. $3,000.00 for the attorney's fees of William Berger, Esq.;
    c. $9,907.00 for the tax on plaintiff's Tax Consequences Payment;
    d. $101,687.50 for the attorney's fees of Roderick V. Hannah, Esq.; and

    e.  $1,067.76 for plaintiff's reasonable accountant's fees.

**IT IS SO ORDERED.**

                                      s/ Lydia Kay Griggsby
                                      LYDIA KAY GRIGGSBY
                                      Judge